UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD COHAN,

        Plaintiff,

v.

MMP (DETROIT LIVONIA) PROPCO, LLC,

        Defendant.

        Case Number 18-13396
        Honorable David M. Lawson

_____/

## **OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

This matter is before the Court on the plaintiff's motion for default judgment. On October 31, 2018, the plaintiff filed his complaint alleging that the defendant violated the Americans With Disabilities Act (ADA), by constructing or maintaining features of its hotel property that obstructed the plaintiff from readily accessing the facility when he was lodged there. The complaint was served on the defendant's registered agent by registered mail on January 10, 2019. *See* Certificate of Service dated January 28, 2019, ECF No. 3. The defendant has not answered or otherwise responded to the complaint, and the Clerk of the Court entered its default pursuant to Fed. R. Civ. P. 55(a) on February 25, 2019. The plaintiff then filed a motion for default judgment on April 21, 2019. The defendant did not respond to the motion and has not appeared or otherwise taken any action in this case since the complaint was filed.

I.

Because the defendant has failed to answer or otherwise respond to the complaint and the Clerk has entered default against it, the Court must accept all well pleaded factual allegations in the complaint as true. *Stooksbury v. Ross*, 528 F. App'x 547, 551 (6th Cir. 2013).

The complaint alleges that the defendant owns and operates an extended-stay lodging facility known as the Towne Place Suites, at 17450 Fox Drive in Livonia, Michigan. The public

records of the City of Livonia indicate that the hotel was built in 1999. Property Record re: Parcel No. 027 99 0014 008, ECF No. 7-2, PageID.37.

Plaintiff Howard Cohan has various medical conditions that significantly limit his mobility, including "severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion (shoulder), a labral tear of the left shoulder, a full thickness right rotor cuff tear, a right knee medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb." Compl. ¶ 7, ECF No. 1, PageID.2. Cohan resides in Florida but frequently travels to the Detroit area and has stayed at the Towne Place Suites in the past; he alleged in his complaint that he would stay at the facility again on future visits if the premises were readily accessible to him.

The plaintiff alleged that several architectural features of the property violated applicable sections of the ADA Accessibility Guidelines (ADAAG), including where the defendant: (1) failed to provide sign(s) for disabled parking or van disabled parking in violation of 2010 ADAAG §§502 and 502.6; (2) provided sign(s) for disabled parking that are too low in violation of 2010 ADAAG §§502 and 502.6; (3) failed to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306; (4) provided a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4; (5) failed to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5; (6) provided grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2; (7) failed to provide toilet paper

dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4; (8) failed to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2; and (9) failed to provide flush controls located on the open side of the water closet in violation of 2010 ADAAG §§309, 309.4, 604 and 604.6. The plaintiff alleged that all of those features of the premises feasibly could be altered to achieve full compliance with the pertinent ADAAG guidelines, but the defendant has failed or refused to do so.

In his present motion, the plaintiff asks the Court to (1) issue a declaratory ruling that the features of the property enumerated above violate the applicable ADAAG provisions and that the defendant's failure or refusal to correct them constitutes unlawful discrimination under the ADA, (2) issue an injunction ordering the defendant to fix the identified defects in its property and render the premises fully readily accessible, and (3) award the plaintiff his reasonable attorney fees and costs of litigation, including expert fees, under 42 U.S.C. § 12205. Taking the well pleaded allegations of the complaint as true, as it must, the Court now finds that the plaintiff has presented sufficient facts in his uncontroverted pleading to demonstrate his right to declaratory and injunctive relief and recovery of his costs and attorney fees under the pertinent statutes.

## II.

"Disability-based discrimination in public accommodations is prohibited under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182." *United States v. Cinemark USA, Inc.*, 348 F.3d 569, 572-73 (6th Cir. 2003). "Title III generally requires that public accommodations designed and constructed 'for first occupancy' after January 26, 1993, be 'readily accessible to and usable by individuals with disabilities.'" *Id.* at 573 (quoting 42 U.S.C. § 12183(a)(1)). "'To be "readily accessible," any part of a newly constructed or altered facility must be constructed in

conformance with the ADAAG, 28 C.F.R. Pt. 36, App. A.'" *Mote v. City of Chelsea*, 252 F. Supp. 3d 642, 649 (E.D. Mich. 2017) (citing *Daubert v. Lindsay Unified Sch. Dist.*, 760 F.3d 982, 986 (9th Cir. 2014); 28 C.F.R. § 35.151(c)(1)-(3)). The ADAAG is a set of regulations that set out, in comprehensive detail, the design specifics for structures and facilities to make them "readily accessible" to disabled persons.

The Court finds that the uncontroverted facts alleged in the complaint amply establish that the plaintiff is a person with a disability as defined under the ADA, and that the defendant's hotel is a place of public accommodation subject to regulation by the Act. The defendant's hotel was built in 1999 and therefore is subject to Title III's requirements for new construction. The complaint identified nine specific instances of non-compliance with applicable provisions of the ADAAG that obstructed the plaintiff's use of the premises. The defendant has failed or refused to make its property readily accessible to the plaintiff, and the failure or refusal properly to construct or to make feasible modifications to the property violates 42 U.S.C. § 12182. The defendant will be ordered promptly to correct the defects in its property. The Court finds that the relevant factors favor issuance of a declaratory judgment settling the question whether the defendant's property is accessible and clarifying that the identified defects must be corrected to achieve compliance with the ADA. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008).

The Court finds that the requested attorney fee of $1,288 is reasonable in light of the work required to bring this litigation to a successful conclusion. The plaintiff's reasonable attorney fee and filing and service fees in the amount of $410.05 are recoverable under 42 U.S.C. § 12205 because the plaintiff is the prevailing party in this case. However, the plaintiff has not supplied any authority for the requested award of expert fees for a pre-litigation compliance evaluation. The request for recovery of the expert fee therefore will be denied.

III.

Accordingly, it is **ORDERED** that the plaintiff's motion for entry of default judgment (ECF No. 7) is **GRANTED**, and a default judgment shall enter in favor of the plaintiff and against the defendant.

It is further **DECLARED** that the defendant's construction and maintenance of the Towne Place Suites, 17450 Fox Drive, Livonia, Michigan, discriminates against the plaintiff and violates the Americans With Disabilities Act (ADA), 42 U.S.C. § 12182, in that the defendant has: (1) failed to provide sign(s) for disabled parking or van disabled parking in violation of 2010 ADAAG §§502 and 502.6; (2) provided sign(s) for disabled parking that are too low in violation of 2010 ADAAG §§502 and 502.6; (3) failed to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306; (4) provided a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4; (5) failed to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5; (6) provided grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2; (7) failed to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4; (8) failed to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2; and (9) failed to provide flush controls located on the open side of the water closet in violation of 2010 ADAAG §§309, 309.4, 604 and 604.6.

It is further **ORDERED** that the defendant promptly shall remediate its premises to comply with the requirements of the Americans with Disabilities Act by modifying, constructing, or reconstructing all of the features enumerated above to comport in all respects with the Accessibility Guidelines for Buildings and Facilities (ADAAG), 28 C.F.R. Pt. 36, App. A.

It is further **ORDERED** that the plaintiff shall recover of the defendant his attorney fees in the amount of $1,288 and costs of litigation in the amount of $410.05.

                                                 s/David M. Lawson
                                                 DAVID M. LAWSON
                                                 United States District Judge

Date:   September 16, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 16, 2019.

                 s/Susan K. Pinkowski
                 SUSAN K. PINKOWSKI

---